REQUESTED BY: Honorable Elroy Hefner Member of the Legislature 2012 State Capitol Lincoln, Nebraska 68509
Dear Senator Hefner:
You have indicated that the Nebraska Legislature is currently considering various methods of reapportioning Nebraska's congressional districts based upon the 1980 census figures and have inquired as to the legal necessity of achieving, as nearly as possible, mathematical equality between districts.
In White v. Weiser, 412 U.S. 783, the United States Supreme Court relying upon Article I, Section 2 of our Federal Constitution rejected a Texas reapportionment plan in which the largest district exceeded the ideal district by 2.43 percent and the smallest was under populated by 1.7 percent. In that case, the challengers had demonstrated to the lower court that an alternative plan existed which would have had a maximum deviation of .086 percent and a minimum deviation of .063 percent.
The court citing its previous holding in Kirkpatrickv. Preisler, 394 U.S. 526, stated that the Federal Constitution would permit only those population variances among congressional districts which were unavoidable despite a good faith effort to achieve absolute equality.
It should be kept in mind in reviewing decisions of the federal courts on reapportionment questions that there is a different standard applicable to reapportionment plans for federal congressional districts than is applicable to reviews of reapportionment plans for state legislative districts.
This is true in part because congressional districts are governed by the precise language of Article I, Section 2 of the Constitution of the United States while state legislative districts are controlled by the broad general language of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. This distinction was recognized by the United States Supreme Court in White, supra, where they made reference to a previous holding in the case of Mahan v. Howell, 410 U.S. 315, and indicated that while the line of cases of whichKirkpatrick, supra, was a part would continue to govern congressional reapportionments, a less stringent standard would be applicable to evaluations of state reapportionment plans challenged under the Equal Protection Clause of theFourteenth Amendment.
Therefore, from our reading of the Supreme Court's holding in White v. Weiser, supra, we would be of the opinion that the Nebraska Legislature should attempt to arrive at a reapportionment plan which would as nearly as possible achieve mathematical equality between the three congressional districts.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General